REDMANN, Judge,
concurring.
“That Judge Garvey’s judgment confirms the lien is obvious,” appellant argues, “because in the petition the plaintiffs ask for [the $10,253.25 cost of the materials] plus the $25 costs of recording the lien or a total of $10,278.25 which is what Judge Garvey granted to them.”
Assuming that the expense of having a lien recorded is not recoverable unless the lien itself is valid, we must still affirm this aspect of this judgment. Mere proof of materials “delivered” entitles a material-man to a lien under La. R.S. 9:4812 (compare “furnished” and “used” in §§ 4801 and 4803) in the absence of proof of nonuse of all the materials, Hortman-Salmen Co. v. Raymond, 1930, 13 La.App. 490, 127 So. 452. Much of plaintiff’s materials were intended to be (and some were) incorporated into the building and thus the lien was valid (even if some of the material were not of a kind that would support a lien).